# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

WESLEY WINTERS,

       Plaintiff,

    v.                                   Case No. 10-C-0848

WILLIAM SWIEKATOWSKI,

       Defendant.

---

## DECISION AND ORDER

---

Plaintiff Wesley Winters, a state prisoner serving a sentence at state prison in Boscobel, Wisconsin, filed this pro se civil rights action seeking relief under 42 U.S.C. § 1983. He has already paid the required $350 filing fee.

Regardless of the plaintiff's fee status, this court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 550 U.S.544, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). With these standards in mind, I now turn to the allegations of plaintiff's complaint.

The plaintiff has named William Swiekatowski, a correctional officer at the Green Bay Correctional Institution, as the sole defendant in this case. According to the plaintiff, his plight began on July 6, 2008, at the Green Bay Correctional Institution. Plaintiff alleges that he made multiple requests to speak with Swiekatowski about receiving the wrong medication. When Swiekatowski came to Plaintiff's cell, Plaintiff indicated that he had a shank (a toothbrush sharpened into a knife) and that he was going to cause harm to himself. Plaintiff then sprayed Swiekatowski's face with baby oil. Swiekatowski "kicked the Plaintiff while referring to the Plaintiff as a 'fucking idiot'". (Complaint at 3.) Shortly thereafter Swiekatowksi returned to the cell with other officers in riot clothing. Still in the cell, Plaintiff sprayed more baby oil on the floor, covered himself with a blanket, and brandished his homemade knife. Eventually Plaintiff calmed down and began to surrender, laying down the sharpened toothbrush. Plaintiff removed his clothes–a standard part of the cell extraction procedure–and was in the process of removing his socks. At the cell door, Swiekatowski allegedly said "Hey Winters, look at me" and, when Plaintiff looked over, Swiekatowski allegedly sprayed Plaintiff "directly in the face and upper body area

3

with O.C. Spray." (Complaint at 4.) O.C. spray, short for Oleorsin Capsicum, is commonly known as pepper spray. Plaintiff alleges that this spray caused a burning sensation in his face and that Swiekatowski refused to allow Plaintiff to take a cold shower which is the recommended treatment to alleviate the pain. Rather Plaintiff was allegedly provided only a hot shower which caused his pores to open up further exacerbating the burning sensation. Plaintiff claims he was given no medical attention and was denied a cold shower for four and a half days.

Plaintiff thereafter filed the instant action under 42 U.S.C. § 1983 on September 28, 2010, asserting claims against Swiekatowski under state law and under the Eighth Amendment. He seeks compensatory and punitive damages as well as costs.

The court finds that Plaintiff may proceed on the following claim: whether Swiekatowksi used excessive force against Plaintiff in violation of the Eighth Amendment and state law. Courts have allowed prisoners to proceed on § 1983 claims of excessive force involving use of pepper spray and subsequent denial of an opportunity to wash. See Taylor v. Books No. 3:08-cv-562, 2009 WL 2044453 ( N.D. Ind. July 7, 2009) (screening order allowing § 1983 excessive force claim to proceed); see also Fields v. Roswarski, 572 F. Supp.2d 1015 (N.D.Ind. 2008) (granting summary judgment for failure to exhaust administrative remedies). Whether an officer uses excessive force depends on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Richman v. Sheahan, 512 F.3d 876, 882-83 (7th Cir.2008). In this case, Plaintiff infers that Swiekatowksi had no penological justification to pepper spray him in the face since Plaintiff was in the act of surrendering. Plaintiff must be afforded the benefit of the inferences at this stage.

Plaintiff also moves for appointment of counsel. Plaintiff asserts that he has no formal training in the filed of law. A lack of legal training, however, is not sufficient to justify appointment of counsel because otherwise every pro se litigant would be entitled to free legal representation. Instead, the question is whether a litigant has an adequate ability to alert the court to the nature of his claim and to marshal and explain the facts underlying that claim. Here, I have determined that the facts of this case are not so complicated that a reasonable pro se litigant in prison could not prosecute the action. In addition, Plaintiff's presentation of the facts in his complaint was significantly above the average pro se litigant's capabilities. There is no mystery what this case is about. Accordingly, I conclude that Plaintiff is not entitled to appointed counsel at this time. However this is not a final ruling and Plaintiff may renew his request for appointment of counsel if the circumstances or procedural posture of the case change significantly.

**IT THEREFORE ORDERED** that Plaintiff's request for appointment of counsel is denied without prejudice.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this ____1st____ day of October, 2010.


           s/ William C. Griesbach
           William C. Griesbach
           United States District Judge