UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WESLEY WINTERS,

    Plaintiff,

v.                                                                                              Case No. 10-C-0848

WILLIAM SWIEKATOWSKI,

    Defendant.

**ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Wesley Winters, a state prisoner serving a sentence in Boscobel, Wisconsin, filed this pro se civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff alleges that William Swiekatowski, a correctional officer, used excessive force against Plaintiff in violation of the Eighth Amendment and state law. Presently before the Court are Plaintiff's motions for a temporary restraining order and for a preliminary injunction aimed at enjoining Defendant and other prison officials from interfering with Plaintiff's mail. (Dkt. 17.) For the reasons set forth herein Plaintiff's motions will be denied.

A temporary restraining order is not appropriate here. Federal Rule of Civil Procedure 65(b) allows a judge to grant a temporary restraining order only "if it clearly appears" that "immediate and irreparable injury, loss, or damage will result" otherwise. Here Plaintiff has not made such a showing. Moreover Plaintiff has provided notice of his motion to Defendant. Plaintiff's motion will be treated as a motion for a preliminary injunction.

In deciding whether to grant a motion for a preliminary injunction, the Court must consider four factors: 1) likelihood of success on the merits; 2) irreparable harm if an injunction is not

granted; 3) the balance of hardships; and 4) the impact on the public interest. *Erickson v. Trinity Theatre, Inc.,* 13 F.3d 1061, 1067 (7th Cir. 1994). When applying this standard to requests for preliminary injunctive relief, the Seventh Circuit has adopted a "sliding-scale" approach, under which the stronger the case is on its merits, the less irreparable harm must be shown. *Abbott Laboratories v. Mead Johnson & Co.,* 971 F.2d 6, 12 (7th Cir. 1992). Injunctive relief in prison litigation must also comply with the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA). The PLRA requires that, prior to granting prospective relief, a court must find that the relief is: (1) narrowly drawn; (2) extends no further than necessary to correct the violation of the Federal right; and (3) is the least intrusive means necessary to correct the violation of the Federal right. 18 U.S.C. § 3626(a)(1).

As the defendant notes, Plaintiff's motion is problematic for several reasons. Chief is the fact that the relief he seeks – non-interference with his mail – has nothing to do with the claim against the sole defendant on which he was granted leave to proceed. Here Plaintiff alleges that his mail in prison is being tampered with, that his attempts to send mail have been thwarted, and that he did not receive mail addressed to him. (Plaintiff's Mot. at 3-4; 9-10, 11, 16.) Plaintiff's allegations concerning his mail are based primarily on bald, unsupported, assertions. Moreover the relief Plaintiff seeks is overly broad – aimed not just at the one named defendant in this case but at a host of non-party prison officials. *See National Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. National Spiritual Assembly of Baha'is of U.S., Inc.* 628 F.3d 837, 847 (7th Cir. 2010) ("one is not bound by a judgment *in personum* in a litigation in which he is not designated as a party"). Plaintiff has not exhausted his administrative remedies with respect to non-party prison officials responsible for his mail. *See* Wis. Admin. Code. Ch. 310. Finally, and controlling here, is the fact that Plaintiff has failed to meet *his* burden of showing a likelihood of

2

success on the merits. Accordingly, a preliminary injunction would be improper, *Matter of Forth Eight Insulations, Inc.* 115 F.3d 1294, 1301 (7th Cir. 1997), and Plaintiff's motions for a temporary restraining order and preliminary injunction (Dkt. 17) are **denied.**

Dated this     18th     day of April, 2011.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge
