UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WESLEY WINTERS,

    Plaintiff,

v.                                                         Case No. 10-C-0848

WILLIAM SWIEKATOWSKI,

    Defendant.

**ORDER**

       Plaintiff Wesley Winters, a state prisoner serving a sentence in Boscobel, Wisconsin, filed this pro se civil rights action seeking relief under 42 U.S.C. § 1983. Winter's complaint alleges that on July 7, 2008 William Swiekatowski, a correctional officer at Green Bay Correctional Institution (GBCI), used excessive force against Winters in violation of the Eighth Amendment and state law when he was an inmate there. Presently before the Court is the defendant's motion for summary judgment (Dkt. 11) which will be granted for the reasons set forth herein.

       Swiekatowski filed his motion for summary judgment on March 28, 2011. Under Local Civil Rule 56(b)(2) – a copy of which was provided to Plaintiff along with the motion for summary judgment – Winters had 30 days to file a brief in opposition. Two months have elapsed since March 28, 2011, and Winters has failed to file a brief in opposition. Winters has also failed to contest the defendant's proposed findings of fact (Dkt 13) which are, therefore, deemed admitted. *See* Federal Rules of Civil Procedure Rule 56(e); *see also Collins v. Seeman,* 462 F.3d 757, 760 (7th Cir. 2006) (where "plaintiff had failed to properly respond to the defendants' factual submissions as required by local rule defendants' factual assertions" were rendered "uncontested"). A party opposing

summary judgment must generally "present enough information to alert the district court that there existed a genuine issue of material fact and to present the legal theories upon which it is relying." *United States v. Rode Corp.,* 996 F.2d 174, 178 (7th Cir.1993). Here, Winters has failed to do so. While Winters is proceeding *pro se*, he must comply with the Rules of Civil Procedure. *See Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir.2006). Ultimately, summary judgment is appropriate in light of the uncontested facts before the Court.

The defendant's motion for summary judgement is based on Winters' failure to exhaust his administrative remedies and his failure to comply with Wisconsin's notice-of-claim statute. I will address each argument in turn. The first is dispositive and I find no need to address the State's claim procedures.

**Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 ("PLRA"), requires inmates to exhaust their available administrative remedies before bringing a 42 U.S.C. § 1983 action with respect to prison conditions. *See Perez v. Wisconsin Department of Corrections,* 182 F.3d 532, 537 (7th Cir. 1999) ( "a case filed before exhaustion has been accomplished must be dismissed."). In Wisconsin, the Inmate Complaint Review System is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials, including civil rights grievances. Wis. Admin. Code § DOC 310.01(2)(a), (h).

Here Winters filed a complaint on July 16, 2008 regarding the events of July 7, 2008 and Swiekatowski's actions as a prison guard. (Defendant's Proposed Findings of Fact "DPFOF" at ¶ 4). An Inmate Complaint Examiner (ICE) reviewed Winters' complaint and returned it to him, with specific written instructions. (DPFOF ¶ 6). The ICE instructed Winters to contact the Green Bay

2

Correctional Institution Security Director regarding Swiekatowski's alleged conduct. (DPFOF ¶ 7). The ICE had the authority to take this action under Wis. Admin. DOC Chapter 310.09(4) which states: "Prior to accepting the complaint, the ICE may direct the inmate to attempt to resolve the issue." Despite the ICE's instructions, Winters never contacted the Green Bay Security Director. (DPFOF ¶ 17-18). Nor did Winters re-file his administrative complaint about his allegations concerning Defendant's conduct on July 7, 2008. (DPFOF ¶ 19). He therefore did not exhaust his available administrative remedies concerning that complaint. *See Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"); *see also Cannon v. Washington,* 418 F.3d 714, 718 (7th Cir. 2005) (a prisoner did not timely exhaust when his grievance was returned for insufficient postage and he did not remail it with sufficient postage by the deadline and when he failed to follow instructions in the procedure and format). Having failed to fully exhaust his administrative remedies, Winters' action must be dismissed.

**Request for Appointment of Counsel**

On May 20, 2011, long after the response to the defendant's motion for summary judgment was due, Winters requested the court to appoint counsel for him. A similar request had been denied without prejudice based on my findings that the case did not appear difficult or complex and Winters seemed more than able to communicate and express his views in writing. My views have not changed. The defense of failing to exhaust remedies asserted in the defendant's motion for summary judgment is simple and straightforward. Winters must know whether he exhausted his administrative remedies. He knows whether he followed the directions to consult with the Security

3

Director and refiled his complaint. A court-appointed attorney is not needed to discover what Winters himself did or did not do. Accordingly, the motion is denied.

Accordingly, Defendant's motion for summary judgment (Dkt. 11) is **granted**, and Winters' motion for appointment of counsel (Dkt. 21) is **denied**. The clerk is directed to enter judgement consistent with this order.

Dated this    25th     day of May, 2011.

>  s/ William C. Griesbach  
> William C. Griesbach  
> United States District Judge